Wash, J.,
delivered the opinion of the Court.
This was an action of assumpsit on a contract of hire, commenced by Simmons, the defendant in error, against Bates, the plaintiff in error, in the St. Louis Circuit Court. Simmons had judgment below, to reverse which Bates now prosecutes his writ of error in this Court. The evidence, as preserved in the bill of exceptions, is in substance, a receipt from Bates to Simmons for a keel in good order, &c., which was hired for a trip to St. Peters, to be returned in like good order within a reasonable time, and for which he was to pay Simmons two hundred dollars. “ The defendant proved that the keel boat was hired for the use of the steamboat Galena, to transport her cargo over the rapids of the Mississippi river, the river being too low for the steamboat to pass; that the steamboat Galena took the keel in tow up the rapids, and there, when the goods were about to be shipped on board the keel, it was discovered that the same was leaky and wholly unfit for the voyage ; that the Galena towed the same back to St. Louis, where it was delivered to plaintiff, and procured another keel and towed it up to the rapids to lake the cargo intended for the Little Davy, (the keel hived of Simmons) ; that as far as a witness knew, the keel (Little Davy) was not injured after it left St. Louis; that the defendant was master of the steamboat Galena, and claimed two-sevenths thereof.” Upon this evidence the cause was submitted to the Court, neither party requiring a jury, when the defendant moved the Court to decide that if, from the testimony, it appeared that the keel boat, Little Davy, was leaky and unfit for the use for which she was hired, and that the plaintiff knew for what she was hired ; and if it did not appear that she was injured after she left St. Louis, and was not used by the defendant, the plaintiff could not recover; which decision the Court refused to give, and held that on the receipt read in evidence by the plaintiff, he could recover, and that it covered all defects except secret defects; to which the defendant excepted, and which ri fusal and decision he now assigns for error.
There was no foundation for the instruction or decision prayed for by the defendant. No attempt was made to prove that the plaintiff either knew for what particular service the keel was intended, or that she was unfit for service. The defendant’s receipt showed that it was intended for a trip to the St. Peters, and that it was in good order when received. That a particular witness who was examined did not know that the keel received any injury after it left St. Louis, afforded no shadow of reason for presuming against the receipt, that the keel was leaky and unfit for service at the time it was hired.
The judgment of the. Circuit Court is therefore affirmed with costs.